# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Brenda Jann,

                Plaintiff,

                                      Civ. No. 09-721 (RHK/JJK)
                                      **MEMORANDUM OPINION**
                                      **AND ORDER**

v.

Interplastic Corporation,

                Defendant.

Mark A. Greenman, Law Office of Mark A. Greenman, Minneapolis, Minnesota, for Plaintiff.

Ivan M. Levy, Vice President and General Counsel, Interplastic Corporation, St. Paul, Minnesota, for Defendant.

      Plaintiff Brenda Jann has sued her former employer, Interplastic Corporation ("Interplastic"), asserting claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363A.01 *et seq.* Interplastic now moves to compel arbitration. For the reasons set forth below, the Court will grant the Motion.

## BACKGROUND

      Jann previously worked for Interplastic as a receptionist. (Compl. ¶ 5.) She suffers from serious medical conditions including "a fractured spinal disc, degenerative

disc disease, and fibromyalsia [*sic*]." (Id. ¶ 6.) In January 2009, she learned that she would need surgery to treat these conditions, and so informed Interplastic. (Id. ¶¶ 9-10.) Shortly thereafter, the company terminated her employment, informing her that her position had been eliminated. (Id. ¶ 12.) According to Jann, her position was not eliminated and, instead, Interplastic terminated her as a result of her medical conditions, in violation of the statutes set forth above. (Id. ¶¶ 13-21.)

When Jann's employment with Interplastic began in October 2005, she signed an employment agreement containing an arbitration provision. (Def. Mem. Ex. A.)[1] The provision provides that "[a]ll disputes between us involving monetary damages shall be resolved by BINDING ARBITRATION." (Id. (emphases in original).) The agreement then sets forth examples of arbitrable claims, including claims of "[d]iscrimination based on . . . disability . . . or any other category protected from discrimination by federal, state, and/or local law." (Id.) Jann also received an employee handbook containing a nearly identical arbitration provision. (Id. Ex. B.)[2]

Based on the arbitration provision in the employment agreement and in the

---

[1] Motions to compel arbitration, like the instant motion, are treated as motions to dismiss for lack of subject-matter jurisdiction. See, e.g., Evans v. Hudson Coal Co., 165 F.2d 970, 972 (3rd Cir. 1948); Jacobsen v. J.K. Pontiac GMC Truck, Inc., No. 01 C 4312, 2001 WL 1568817, at *1 n.1 (N.D. Ill. Dec. 10, 2001); Macchiavelli v. Shearson, Hammill & Co., 384 F. Supp. 21, 28 (E.D. Cal. 1974). The Court may consider matters beyond the pleadings in resolving such motions. E.g., Deuser v. Vecera, 139 F.3d 1190, 1191 n.3 (8th Cir. 1998); Drevlow v. Lutheran Church, Mo. Synod, 991 F.2d 468, 470 (8th Cir. 1993).

[2] The arbitration provision in the handbook was later modified in minor ways, but those modifications do not alter the Court's analysis. (See also infra at 10 n.7.)

handbook, Interplastic now moves to compel arbitration of the present dispute.³

## STANDARD OF REVIEW

Through the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 *et seq.*, Congress has established a strong federal policy in favor of arbitration. Shearson/Am. Express, Inc. v. McMahon, 482 U.S. 220, 226 (1987). Section 2 of the FAA provides that an arbitration provision in "a contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2.⁴ And Section 4 of the Act provides that a party may petition a federal district court for an order compelling arbitration of a dispute covered by an agreement to arbitrate. 9 U.S.C. § 4.

A motion to compel arbitration under the FAA requires answering two questions: Is there a valid agreement to arbitrate between the parties? And if so, does the dispute fall within the scope of that arbitration agreement? E.g., Pro Tech Indus., Inc. v. URS Corp., 377 F.3d 868, 871 (8th Cir. 2004). In determining whether claims come within the scope of an arbitration provision, "the district court does not reach the potential merits of any claim but construes the clause liberally, resolving any doubts in favor of arbitration and granting the motion unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." 3M Co. v.

---

³ In its Motion, Interplastic also asks the Court to "[c]onsider[] the separate motion [it] will bring under Rule 11 for an award of attorney fees from Plaintiff and/or her attorney relating to this Motion to Compel." (Motion ¶ 2.) No separate Motion under Rule 11 has been filed, however.

⁴ There is no dispute that the "commerce" portion of the FAA has been satisfied here.

Amtex Sec., Inc., 542 F.3d 1193, 1199 (8th Cir. 2008) (internal quotation marks and citation omitted); accord, e.g., Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983) (because of the strong federal policy favoring arbitration, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration"). "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 91 (2000) (citations omitted).

**ANALYSIS**

There is no dispute here that a valid agreement to arbitrate exists between the parties, via both the employment agreement and the employee handbook. (Mem. in Opp'n at 1-2.) Nor is there any dispute that at least *some* of Jann's claims fall within the scope of that agreement. (Id. at 6-7.) Indeed, she concedes the arbitrability of her ADA and MHRA claims, at least insofar as they seek money damages, because they are claims of "[d]iscrimination based on . . . disability." (Def. Mem. Exs. A-B.) On this basis alone, the Court could grant Interplastic's Motion and refer these matters to arbitration. See, e.g., Webb v. R. Rowland & Co., 800 F.2d 803, 807-08 (8th Cir. 1986) (district court may refer arbitrable claims while staying non-arbitrable ones).[5]

---

[5] In determining whether to grant a motion to compel arbitration, a district court must decide who answers the question of arbitrability – in other words, does the Court or an arbitrator decide whether the dispute is arbitrable? Unless the parties "clearly and unmistakably" delegated that question to the arbitrator, then it is to be answered by the Court. AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649 (1986); accord First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995). Here, Interplastic argues that the question of arbitrability has been delegated to the arbitrator and that its Motion may be granted for this reason alone.

But the Court need not divide this case into arbitrable and non-arbitrable pieces, because it concludes that *all* of Jann's claims are subject to arbitration. She raises only two arguments to the contrary. First, she argues that under 29 C.F.R. § 825.220(d), she cannot waive her right to a judicial forum for her FMLA claim. Second, she argues that because she is seeking equitable relief, her claims are beyond the scope of the arbitration agreement. Neither argument has merit.

**I.      Section 825.220(d)**

29 C.F.R. § 825.220(d) provides that "[e]mployees cannot waive, nor may employers induce employees to waive, their prospective rights under the FMLA." According to Jann, employees have "the right . . . under the FMLA to bring an action <u>in court</u>." (Mem. in Opp'n at 5 (emphasis in original).) Hence, she argues that under

---

(<u>See</u> Reply at 8-10.) It notes that both the employment agreement and the employee handbook state that arbitration shall be governed by the rules of the American Arbitration Association ("AAA"). The current AAA rules governing employment disputes state that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." <u>See</u> http://www.adr.org/sp.asp?id=32904#6 (last visited July 2, 2009). By expressly incorporating these rules into the arbitration agreement and the employee handbook, Interplastic contends that the parties contemplated the arbitrator would answer the arbitrability question. The Eighth Circuit recently endorsed that conclusion in <u>Fallo v. High-Tech Institute</u>, 559 F.3d 874, 877 (8th Cir. 2009).
    Nevertheless, the Court rejects this argument for two reasons. First, Interplastic raised it for the first time in its Reply brief, and "the Court does not consider arguments raised for the first time in a Reply." <u>Berbig v. Sears Roebuck & Co.</u>, 568 F. Supp. 2d 1033, 1040 n.10 (D. Minn. 2008) (Kyle, J.). Second, the AAA rule granting power to an arbitrator to address his or her own jurisdiction (Rule 6) was adopted in July 2006. <u>See</u> http://www.adr.org/sp.asp?id=28461 (last visited July 2, 2009). The employment agreement, however, is dated October 7, 2005, and Jann received the employee handbook one week later – that is, *before* Rule 6 was promulgated. (<u>See</u> Def. Mem. Exs. A-B.) It is thus unclear whether Rule 6 applies to the present dispute.

5

Section 825.220(d), she "cannot waive her right to a judicial forum" for her FMLA claim. (Id.)

Jann is correct that the FMLA allows an aggrieved individual to bring an action "in any Federal or State court of competent jurisdiction." 29 U.S.C. § 2617(a)(2). Yet, this is not a "right" rendered unwaivable by Section 825.220(d). That conclusion necessarily flows from the Supreme Court's decision in Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991). There, an employee sued his former employer under the Age Discrimination in Employment Act ("ADEA"), and the employer moved to compel arbitration pursuant to an arbitration agreement the employee had signed. Much like the FMLA and its implementing regulations at issue here, the ADEA provides that an employee may "bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of" the statute, 29 U.S.C. § 626(c)(1), and further provides that employees may not waive their prospective rights under the statute, id. § 626(f)(1)(C). On this basis (and others), the district court denied the employer's motion, concluding that "Congress intended to protect ADEA claimants from the waiver of a judicial forum." 500 U.S. at 24. On appeal, the Fourth Circuit reversed, and the Supreme Court then granted *certiorari*.

The Supreme Court affirmed the Fourth Circuit's decision. It recognized that "[b]y agreeing to arbitrate . . ., a party does not forgo the substantive rights afforded by the [ADEA]; it only submits to their resolution in an arbitral, rather than a judicial, forum." Id. at 26 (citation omitted). In other words, the Court distinguished between

6

(a) the substantive protections against discrimination provided by an antidiscrimination statute and (b) claims alleging a violation of those protections. According to Gilmer, only the former constitute unwaivable "rights." See id. at 29 (rejecting argument that "compulsory arbitration is improper because it deprives claimants of the judicial forum provided for by the ADEA"). The Supreme Court recently reaffirmed Gilmer's holding in 14 Penn Plaza LLC v. Pyett, __ U.S. __, 129 S. Ct. 1456 (2009), again noting the distinction between an agreement to arbitrate a discrimination claim and the waiver of the right to be free from discrimination. See id. at 1469 ("The decision to resolve ADEA claims by way of arbitration instead of litigation does not waive the statutory right to be free from workplace age discrimination; it waives only the right to seek relief from a court in the first instance.").

Gilmer, therefore, compels the conclusion that individuals may be required to arbitrate FMLA claims, notwithstanding the text of Section 825.220(d). See Faris v. Williams WPC-I, Inc., 332 F.3d 316, 320-21 (5th Cir. 2003) (holding that 29 C.F.R. § 825.220(d) "applies only to [the] waiver of substantive rights under the [FMLA], such as rights to leave, reinstatement, etc., rather than to a cause of action . . . for the exercise of those rights"). Jann has failed to cite any cases refusing to compel arbitration of an FMLA claim due to Section 825.220(d), and the Court has failed to locate any. On the other hand, numerous courts post-Gilmer have required the arbitration of FMLA claims. See, e.g., Baker v. Sci. Applications Int'l Corp., No. Civ. 06-4096, 2006 WL 2708546 (D.S.D. Sept. 21, 2006), aff'd, 273 Fed. Appx. 577 (8th Cir. 2008); Moncrief v. Terminix

7

Int'l Co. Ltd. P'ship, No. 06-1047, 2006 WL 1764080 (D. Kan. June 27, 2006); Brinkerhoff v. Zachry Constr. Corp., No. 2:04-CV-750, 2005 WL 1661693 (S.D. Ohio July 15, 2005); Martin v. SCI Mgmt. L.P., 296 F. Supp. 2d 462 (S.D.N.Y. 2003); Jones v. Fujitsu Network Commc'ns, Inc., 81 F. Supp. 2d 688 (N.D. Tex. 1999). Indeed, just last week the Eighth Circuit reversed a district-court decision denying a motion to compel arbitration of an FMLA claim. McNamara v. Yellow Transp., Inc., __ F.3d __, 2009 WL 1873503, at *5 (8th Cir. July 1, 2009). Simply put, "it is not surprising to find decisions [post-]Gilmer holding that FMLA claims covered by an arbitration agreement must be submitted to arbitration and not brought in court." O'Hara v. Mt. Vernon Bd. of Educ., 16 F. Supp. 2d 868, 881 (S.D. Ohio 1998).

Jann cites Taylor v. Progress Energy, Inc., 493 F.3d 454 (4th Cir. 2007), to argue that she cannot waive a judicial forum for her FMLA claim, but Taylor is inapposite. There, the Fourth Circuit addressed an FMLA claim that an employee had released against his former employer pursuant to a settlement agreement. After signing the release, the employee commenced an FMLA action against the employer, who then moved for summary judgment based on the release. The district court granted the employer's motion, but the Fourth Circuit reversed. The appellate court concluded that the release was invalid because, under Section 825.220(d), an employee cannot release or waive a cause of action for a past violation of the statute. Id. at 458. As Taylor did not address or even discuss the arbitrability of FMLA claims, it has no application here.

Jann points out that in reaching its conclusion, the Taylor court interpreted the

8

phrase "rights under the FMLA" in Section 825.220(d) to include not only substantive rights, but also the "right of action or claim" under the statute. Id. at 457. Seizing on this language, she argues that she cannot be forced to waive her statutory "right" to a judicial forum for her FMLA claim. (Mem. in Opp'n at 5.) This argument, however, is foreclosed by Gilmer, which clearly distinguishes between substantive rights and claims to enforce those rights. Moreover, prior to Taylor, the Fourth Circuit had recognized this distinction and, based thereon, had held that an employee may be required to arbitrate an FMLA claim. See O'Neil v. Hilton Head Hosp., 115 F.3d 272, 273-76 (4th Cir. 1997). Indeed, even Taylor stated that "agreeing to submit a claim to arbitration is entirely different from agreeing to waive it. An agreement to arbitrate preserves the claim; the agreement simply shifts the forum for resolving the claim from a court to an arbitration setting." 415 F.3d 364, 372 (4th Cir. 2005).[6] The Court declines to read Taylor in a fashion that would conflict with O'Neil, which is what accepting Jann's argument would require.

For these reasons, the Court concludes that Section 825.220(d) provides no impediment to compelled arbitration of Jann's FMLA claim.

## II. Equitable relief

Jann next points out that the arbitration provision in the employee handbook

---

[6] Taylor has a somewhat tortured history. The Fourth Circuit initially reversed the district court's grant of summary judgment, see 415 F.3d 364 (2005), but then vacated its decision and granted rehearing to the employer, see No. 04-1525, 2006 U.S. App. LEXIS 15744 (June 14, 2006). Following rehearing, the court reinstated its original opinion. 493 F.3d at 457.

renders arbitrable claims for "monetary damages," but she notes that she has requested reinstatement (an equitable remedy) as part of her FMLA claim. (Mem. in Opp'n at 6.) Accordingly, she argues that her claims are beyond the scope of the arbitration provision. (Id.)[7] This argument is unavailing.

The arbitration provision in the employee handbook states that "[a]ny . . . claim for monetary damages" is subject to arbitration. (Def. Mem. Ex. C.) In the Court's view, the most reasonable way to interpret this provision is as follows: if a claim seeks money damages in addition to other (non-monetary) types of relief, it is still a "claim for monetary damages" and is arbitrable. This conclusion is consistent with another portion of the arbitration provision, which provides that an arbitrator "may grant any remedy or relief that [he] deems just and equitable, *including any remedy or relief that would have been available to the parties had the matter been heard in court.*" (Def. Mem. Ex. C (emphasis added).) In other words, the arbitration provision contemplates that the arbitrator may grant equitable (or other) relief in addition to damages. Such language would be wholly unnecessary if any claim that mentioned equitable relief was automatically carved out of the arbitration provision. Accordingly, the arbitration provision is "susceptible of an interpretation that covers" Jann's claim for reinstatement and is arbitrable. Amtex Sec., 542 F.3d at 1199.

---

[7] Jann cites only the most recent version of the employee handbook, which expressly provides that "[a]ny controversy or claim for monetary damages" is subject to binding arbitration and that "[i]f either party seeks injunctive relief or another non-monetary remedy, it shall have the right to obtain that injunctive relief or remedy from any court or agency with jurisdiction." (Def. Mem. Ex. C.)

Moreover, under Jann's logic, a claim seeking both damages and equitable relief would have to be litigated twice: once in arbitration (to recover damages) and once in court (to obtain non-monetary relief).  The Court declines to read the arbitration provision in such a manner, given that one purpose of arbitration is to provide for the expeditious resolution of disputes.  See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 633 (1985).  And even if there existed some doubt about whether arbitration of Jann's claim for reinstatement were appropriate, the Court must resolve that issue in favor of arbitration.  Moses H. Cone, 460 U.S. at 24-25.

## CONCLUSION

For all the reasons set forth above, the Court concludes that Jann's claims are subject to arbitration and, hence, Interplastic's Motion to Compel Arbitration must be granted.  One final issue merits discussion, however:  should the Court stay this action pending arbitration or dismiss it?  The parties have not addressed this issue in their Motion papers.

9 U.S.C. § 3 provides that, when a suit pending in federal court is subject to arbitration, the court "shall . . . stay . . . the action until such arbitration has been had."  Notwithstanding this statutory language, however, the majority of courts, including this Court, have held that a stay serves no obvious purpose and dismissal is appropriate "where the entire controversy between the parties is subject to and will be resolved by arbitration."  United Steel, Paper & Forestry, Rubber Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Carlisle Power Transmission Prods., Inc., 489 F. Supp. 2d 924,

11

931 (D. Minn. 2007) (Kyle, J.); accord, e.g., Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 2001); Green v. Ameritech Corp., 200 F.3d 967, 973 (6th Cir. 2000); Bercovitch v. Baldwin Sch., Inc., 133 F.3d 141, 156 n.21 (1st Cir. 1998); Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992); Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988); Mahnke v. Executive Tans, USA, LLC, Civ. No. 07-1416, 2007 WL 2340056, at *6 (D. Minn. Aug. 13, 2007) (Doty, J., adopting Report & Recommendation of Graham, M.J.).[8] Because the entire controversy here is subject to arbitration, the Court concludes that the proper result is to compel arbitration of Jann's claims and dismiss her Complaint without prejudice.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that:

1. Defendant's Motion to Compel Arbitration (Doc. No. 4) is **GRANTED**. Plaintiff is **ORDERED** to arbitrate each of her claims against Interplastic; and

2. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 7, 2009                                   s/Richard H. Kyle
                                                                                          RICHARD H. KYLE
                                                                                          United States District Judge

---

[8] But see Continental Cas. Co. v. Am. Nat'l Ins. Co., 417 F.3d 727, 732 n.7 (7th Cir. 2005); Lloyd v. Hovensa, LLC, 369 F.3d 263, 269-70 (3rd Cir. 2004); Adair Bus Sales, Inc. v. Blue Bird Corp., 25 F.3d 953, 955 (10th Cir. 1994). The Eighth Circuit has not yet opined on this issue.